UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUONG JASON DINH,<br>   Petitioner, | :<br>:<br>: |
| v. | :   Case No. 3:22-cv-1147 (OAW) |
| COMMISSIONER OF CORRECTIONS,<br>   Respondent. | :<br>:<br>: |

## **ORDER OF DISMISSAL**

Petitioner Truong Jason Dinh, a state court pretrial detainee (at the time he initiated this action) in the custody of the Connecticut Department of Correction ("DOC"), filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting three grounds for relief in connection with his admission to a violation of probation in Connecticut Criminal Case Docket DBD-CR19- 0159601-S.[1]  Pet., ECF No. 1.[2] Upon review, the court determines that an order to show cause should not be issued in this

---

[1] The court may "take judicial notice of relevant matters of public record." *Sanchez v. RN Debbie*, No. 3:18-CV-1505 (JCH), 2018 WL 5314916, at *2 (D. Conn. Oct. 26, 2018) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)).  Information regarding Petitioner's confinement status may be found on the Department of Correction website by an Inmate Search using his inmate number 380140. Petitioner's latest admission date was January 12, 2022, and at the time he initiated this action, he was an unsentenced inmate housed at Garner Correctional Institution.  *See* "Connecticut State Department of Correction: Inmate Information," available at
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=380140 (last visited Jan. 6, 2023).  A search for pending criminal cases on the Connecticut judicial website using Petitioner's last name and first initial showed that Petitioner admitted violating a probation for underlying convictions of threatening, stalking, reckless endangerment, and risk of injury to a child. *See* "State of Connecticut Judicial Branch: Search by Defendant Name," available at https://www.jud2.ct.gov/crdockets/parm1.aspx (last visited November 2, 2022).  At such time, there were several other charges still pending in multiple criminal actions.  *Id.*

[2] Petitioner has moved for leave to file an amended petition, and simultaneously filed an amended petition which states different claims than were stated in the original complaint.  It is not clear to the court whether Petitioner understood that the amended petition would supersede the original complaint, so this order will address all claims stated in both complaints.

matter. Rather, the court will dismiss the petition without prejudice because Petitioner has not exhausted his state court remedies.

### I.     Factual Background

The following facts are taken from Petitioner's allegations in the complaint and the amended complaint and exhibits attached to both complaints.

In a letter dated February 22, 2022, Petitioner's defense attorney (Robert Koetsch) informed Petitioner of the following:

> The state is looking for you to enter a plea on the new charges for violation of a protective order. The Judge has made an offer on all the files including the violation of probation. The offer is 15/1/5. This means 15 years of jail execution suspended after you serve 1 year in jail followed by 5 years of probation.
>
> If you accept this offer your [Driving Under the Influence] charge will remain open and allow you to use the alcohol education program (AEP). If you successfully complete the AEP program, the [Driving Under the Influence] charge will be dismissed.

Pet., ECF No. 1 at 11. Petitioner asserts that he filed a grievance for prosecutorial misconduct against a state's attorney named Attorney Harding, and that he submitted a complaint to the Judicial Review Council against then-presiding Judge Robert D'Andrea on June 21, 2022. *Id.* at 12. Thereafter, his new state-appointed attorney (Jennifer Tunnard) informed him that the new judge (Judge Pavia) and the new state prosecutor (Kristen Chiriatti) wanted him to serve a minimum of three years in jail. *Id.* In a letter dated July 18, 2022, Attorney Tunnard explained:

2

> The court was informed that you owe 10 years on your sentence for violating the protective orders and arrests. The state indicated that you were previously sentenced to a suspended sentence because you made it clear to the court that you had to abide by the protective order. The court directed me to discuss with you a disposition. The state has stated that she wants you to admit to two violations of probation and serve a minimum of 3 years in jail.

*Id.* at 13.

In the original petition, Petitioner sought to proceed under the original plea offer terms, that is, to admit the probation violation in exchange for completion of the AEP, which would entitle him to reinstatement of his probation. *Id.* at 7. Petitioner claimed three grounds for relief: (1) violation of his due process rights because the state court intended to sentence him to a term of incarceration rather than to permit him to admit the violation in exchange for completion of the AEP (ground one); (2) judicial misconduct and retaliation because the judge threatened to sentence him to a ten-year term of incarceration after Petitioner filed grievances about judicial and prosecutorial misconduct (ground two); and (3) judicial and prosecutorial misconduct and retaliation because presiding Judge D'Andrea and Attorney Harding were informed that the standing criminal protective order and warrants showed different addresses but Judge D'Andrea ignored this matter, although he stated he would look into the files (ground three). *Id.* at 6.

In his proposed amended petitioner, Petitioner further asserts that he was never technically under conditions of probation because the document which sets out those

3

conditions misspells his name, and therefore, his punishment for violating probation was unlawful and in contravention of his due process rights.  Am. Pet., ECF No. 20 at 9.

### II.     Legal Standard

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See also* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*") (emphasis added).

Although Petitioner purports to bring his petitions under 28 U.S.C. § 2241, he is no longer a pretrial detainee.  Thus, a habeas petition under Section 2254 is the appropriate jurisdictional basis for his claims. *Blanchard v. New York*, 2018 WL 2324054, at *2 (N.D.N.Y. May 22, 2018) ("State prisoners … must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  Therefore, the court will construe both petitions under Section 2254.

4

**III. Discussion**

It is clear on the face of the petitions that Petitioner had not satisfied his obligation to exhaust his state court remedies prior to filing this action.

It is well-established that before a federal court may grant habeas relief to a state prisoner, the prisoner must properly exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Section 2254 expressly states that an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). Petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985). Thus, in order to properly exhaust his state court remedies, Petitioner must present the factual and legal bases of his federal claims to the highest state court capable of reviewing them and utilize all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005). Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). Here, both petitions indicate that Petitioner has not filed any

5

appeals, although his defense attorney allegedly raised on the record the fact that Petitioner wanted to accept the original plea offer and that the issue remained pending. Pet., ECF No. 1 at 2–5; Am. Pet., ECF No. 20 at 2–3.  The Connecticut Judicial Branch website reveals no state habeas cases filed by Petitioner since his admission January 12, 2022.  And while Petitioner has filed several grievances, *see* Am. Pet., ECF No. 20 at 2–3, those do not satisfy his obligation to appeal to the highest state court.  Further, Petitioner raises no suggestion that the state trial and appellate courts of Connecticut are deficient or unable to consider and to rule on his claims.  Accordingly, the petitions must be dismissed due to Petitioner's failure to exhaust his state remedies prior to filing this action.

## IV.  Conclusion

Accordingly, for the foregoing reasons, it is ordered and adjudged as follows:

1. The petition under 28 U.S.C. § 2241, ECF No. 1, and the amended petition under 28 U.S.C. § 2241, ECF No. 21, are **DISMISSED without prejudice**.  Because Petitioner has not made a substantial showing that this Order denies his constitutional rights, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c)(2).
2. All pending motions, ECF Nos. 15, 16, 17, and 19, are **DENIED as moot**.
3. The Clerk of Court is instructed, respectfully, to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 26th day of January, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE